McGREGOR W. SCOTT
United States Attorney
MICHAEL G. TIERNEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00028-DAD |
|---|---|
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT |
| v. | DATE:<br>TIME: |
| BASIL HANTASH, | COURT: Hon. |
| Defendant. | |

The United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorneys Michael G. Tierney and defendant Basil Hantash ("Hantash"), and his attorney, Jeffrey T. Hammerschmidt, hereby enter into this Deferred Prosecution Agreement ("Agreement"):

1. This document contains the complete Agreement between the United States Attorney's Office for the Eastern District of California ("United States") and defendant Hantash regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2. Hantash acknowledges that the United States presented this matter to a grand jury in the Eastern District of California. The grand jury returned an indictment charging Hantash with violating 18 U.S.C. § 1347, Health Care Fraud (the Indictment). The Indictment alleged that from January 2011 to April 30, 2016, Hantash devised a scheme to defraud health care benefit programs, by submitting

claims to health insurers for acne surgeries under CPT code 10040 when ASI personnel had not performed acne surgeries, but rather microdermabrasions using a dermalinfusion device. The Indictment is only an allegation and nothing in this Agreement shall be deemed an admission by Hantash to any of the facts alleged in the Indictment.

3. The parties now believe that the interests of justice will be served if the United States and Hantash enter into an agreement deferring prosecution of the allegations in the Indictment as to Hantash for a period of 24 months from this date based on the conditions set forth in this Agreement.

4. Defendant Hantash expressly agrees:

   (a) To cease submitting, or causing to be submitted, claims for reimbursement to insurance companies under CPT Code 10040 for any encounter involving the use of a dermalinfusion or similar device, without prior written authorization of the insurance company;

   (b) To reimburse the following insurance companies in the following amounts, representing all monies paid to Advanced Skin Institute as a result of claims or bills for service for CPT Code 10040 for the period January 1, 2011 to April 12, 2016:

   (1) Anthem Blue Cross: $92,234

   (2) Blue Shield of California: $81,515

5. The USAO agrees to seek a partial lifting of the Court's seizure order regarding Vanguard Marketing Corporation account(s) in the name of Basil M. Hantash in order to make reimbursement to the insurance companies. Within 10 days of notification from the insurance companies that reimbursement is complete, the United States agrees to request return of any remaining funds in the the Vanguard Marketing Corporation account(s) to Hantash and to seek any appropriate judicial order dismissing restraint on the funds and return Hantash's passport to him or his counsel.

6. In consideration of defendant Hantash's willingness to cease the billing activity in question; and ASI reimburse the insurance companies for monies paid to ASI for the services in question, the United States shall recommend to the Court pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of defendant Hantash on the Indictment be deferred for a period of 24 months.

7. Defendant Hantash shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of twenty-four (24) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution. Defendant Hantash further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

8. With respect to any violations of 18 U.S.C. § 1035 or § 1347 defendant Hantash hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time period in which this Agreement is in effect. Any such violations that were not time-barred by the applicable statute of limitations as of the date of this Agreement, may, in the sole discretion of the United States, be charged against defendant Hantash upon the United States' discovery of any breach of this Agreement. Defendant Hantash agrees that, if the United States institutes charges following a breach of this Agreement, the time period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of limitations. Defendant Hantash also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

9. The United States agrees that, if defendant Hantash is in full compliance with all of his obligations under this Agreement upon the expiration of the twenty-four (24) month period set forth in paragraph 6 above, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant Hantash, of the Indictment.

10. Defendant Hantash understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve

a deferred prosecution for any reason, the United States and defendant Hantash are released from any obligation imposed upon them by this Agreement.

11. Should the United States determine during the term of this Agreement that defendant Hantash has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for such federal crimes, as well as subject to forfeiture of assets used in and/or divestiture of profits derived from defendant's criminal conduct.

## Approvals and Signatures

A. **Defense Counsel**

I have read this Agreement and have discussed it fully with my client. The Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to enter into this Agreement.

Dated: 9/19/2019

/s/Jeffrey T. Hammerschmidt
JEFFREY T. HAMMERSCHMIDT
Counsel for Defendant

B. **Defendant**

I have read this Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 9/19/2019

/s/ Basil Hantash
BASIL HANTASH, Defendant

C. **Attorney for the United States**

I accept and agree to this Agreement on behalf of the government.

1 | Dated: September 12, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ Michael G. Tierney
MICHAEL G. TIERNEY
Assistant United States Attorney