UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **USA ,** | | No. **1:17–CR–00128–DAD–BAM** |
| | Plaintiff, | STANDING ORDER IN LIGHT OF ONGOING JUDICIAL EMERGENCY IN THE EASTERN DISTRICT OF CALIFORNIA |
| | v. | |
| **BASIL HANTASH** | | |
| | Defendant. | |

The judges of the United States District Court for the Eastern District of California have long labored under one of the heaviest caseloads in the nation even when operating with a full complement of six authorized District Judges.[1]  Each of those six District Judges has regularly carried a caseload double the nationwide average caseload for District Judges.  Even while laboring under this burden, the judges of this court have annually ranked among the top 10 districts in the country in cases terminated per judgeship for over 20 years.  *See* Letter regarding Caseload Crisis from the Judges of the Eastern District of California (June 19, 2018), http://www.caed.uscourts.gov/CAEDnew/index.cfm/news/important–letter–re–caseload–crisis/.  On December 17, 2019, District Judge Morrison C. England took Senior status.  On December 31, 2019, Senior District Judge Garland E. Burrell, Jr. assumed inactive Senior status.  On February 2, 2020, District

---

[1] For over a decade the Judicial Conference of the United States has recommended that this district be authorized up to six additional judgeships.  However, those recommendations have gone unacted upon.  This is the case despite the fact that since the last new District Judgeship was created in the Eastern District in 1978, the population of this district has grown from 2.5 million to over 8 million people and that the Northern District of California, with a similar population, operates with 14 authorized District Judges.

Judge Lawrence J. O'Neill will assume inactive Senior status.[2] As a result of these long anticipated events, the shortfall in judicial resources will seriously hinder the administration of justice throughout the district, but the impact will be particularly acute in Fresno, where the undersigned will now be presiding over all criminal and civil cases previously assigned to Judge O'Neill as well as those already pending before the undersigned. As of the date of this order, this amounts to roughly 1,050 civil actions and 625 criminal defendants. Until two candidates are nominated and confirmed to fill this court's two vacant authorized district judgeships, this situation can only be expected to grow progressively worse.

The gravity of this problem is such that no action or set of actions undertaken by this court can reasonably be expected to alleviate it. Nonetheless, this order will advise the parties and their counsel of the temporary procedures that will be put in place for the duration of this judicial emergency in cases over which the undersigned is presiding. To the extent any of the following procedures are inconsistent with the Local Rules of the Eastern District of California, the undersigned hereby invokes the court's authority under Local Rule 102(d) to issue orders supplementary or contrary to the Local Rules in the interests of justice and case management.

A. **DESIGNATION OF CRIMINAL CASES**

As of February 3, 2020, all criminal cases previously assigned to Judge O'Neill, and all newly filed cases that will be assigned to his future replacement, will be unassigned. Those cases will bear the designation "NONE" as the assigned district judge. Until new judges arrive, the undersigned will preside as the district judge in the cases so designated. Judge O'Neill's chambers staff will remain in place for seven months following his departure from the court. Accordingly, his remaining staff will continue to work on the cases bearing the "NONE" designation and Courtroom Deputy Irma Munoz (559–499–5682; imunoz@caed.uscourts.gov) will continue to be the contact person with respect to any questions regarding those cases. Proposed orders in these cases are to be sent to noneorders@caed.uscourts.gov. Finally, any hearings or trials before the undersigned in cases bearing the "NONE" designation will continue to be held in Judge O'Neill's former courtroom, Courtroom #4 on the 7th Floor at 2500 Tulare Street in Fresno, California.

---

[2]   In short, a Senior District Judge is one who has retired from regular active service, usually based on age and length of service, but continues to preside over cases of a nature and in an amount as described in 28 U.S.C. § 371(e). A Senior District Judge taking inactive status is one who has ceased to perform such work.

**B.   WEEKLY CRIMINAL CALENDARS**

The court will continue to hold weekly calendars in criminal cases bearing a "DAD" assignment on Mondays at 10:00 a.m. in Courtroom #5. For those criminal cases bearing the "NONE" designation, the weekly criminal calendar will be held on Fridays at 8:30 a.m. in Judge O'Neill's former courtroom, Courtroom #4.

Because the undersigned will be holding two criminal calendars most weeks and will be presiding over trials Tuesdays through Thursdays, last minute filings by counsel can no longer be accommodated. Any filings for the Monday calendar must be submitted no later than close of business the Thursday before the hearing. Any filings for the Friday calendar must be submitted no later than the close of business on the Wednesday before the hearing. Untimely filings may well result in the matter being continued by the court at the time originally scheduled for hearing.

**C.   CRIMINAL TRIALS**

All criminal trials in cases bearing the "DAD" or "NONE" designations will be conducted commencing at 8:30 a.m. Tuesday through Thursday until conclusion, absent other order of the court. Given the number of criminal cases and defendants that will now be pending before the undersigned at any one time, Trial Confirmation Hearings will take on added significance.[3] The court is likely to find itself in the position of juggling several cases with overlapping trial schedules and posing different Speedy Trial Act considerations. If a trial date is confirmed, the court must act as if that case is in fact proceeding to trial. The undersigned urges the parties, where there is doubt as to whether a trial date should be confirmed, to seek a brief continuance of the trial confirmation hearing rather than to request a change of plea hearing immediately prior to scheduled trial date.

/////
/////
/////
/////

---

[3]   In light of the anticipated congestion of the criminal trial calendar, by separate standing order issued in all civil cases the undersigned has announced that for the duration of this judicial emergency and absent further order of this court in light of statutory requirements or in response to demonstrated exigent circumstances, no new trial dates will be scheduled in civil cases assigned to "DAD" and "NONE" over which the undersigned is presiding.

**CONCLUSION**

These are uncharted waters for this court. The emergency procedures announced above are being implemented reluctantly. They are not, in the undersigned's view, conducive to the fair administration of justice. However, the court has been placed in an untenable position in which it simply has no choice. There will likely be unforeseen consequences due to the implementation of these emergency procedures and the court will therefore amend this order as necessary.

DATED:   February 3, 2020

**DALE A. DROZD**
U.S. DISTRICT COURT JUDGE